

FILED & ENTERED

OCT 01 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Williams  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Steve Barlaam<br><br><br><br>Debtor(s).<br><br><br>Financial Services Vehicle Trust, by and through its servicer, BMW Financial Services NA, LLC<br><br>Plaintiff(s),<br>v.<br><br><br>Steve Barlaam<br><br><br>Defendant(s). | CHAPTER 7<br><br>Case No.:  1:11-bk-13387-GM<br>Adv No:   1:11-ap-01402-GM<br><br>**MEMORANDUM OF OPINION DENYING PLAINTIFF'S MOTION TO AMEND THE JULY 31, 2013 JUDGMENT FOR PLAINTIFF AFTER TRIAL TO INCLUDE ATTORNEYS' FEES [Docket #135]**<br><br>Date:  September 17. 2013<br>Time:  10:00 a.m.<br>Courtroom:   303 |

This is a motion to reconsider my denial of attorney's fees under an Order

Granting Judgment ("Judgment", docket #128) and Memorandum of Opinion ("Memorandum, docket #127), each entered 7/31/13, awarding plaintiff Financial Services Vehicle Trust ("Plaintiff") $118,924.22 and declaring that amount to be non-dischargeable pursuant to §523(a)(2)(B).

Memorandum

For ease of reference, the portion of the Memorandum dealing with attorney's fees is set forth below:

> Plaintiff is seeking to recover its attorney's fees in this nondischargeability action. A recent 9th Circuit Bankruptcy Appellate Panel decision clearly sets forth the rather complicated precedent governing an award of attorneys' fees in a §523(a)(2) action [Sharma v. Salcido (In re Sharma), 2013 Bankr. LEXIS 2286, 50-51 (B.A.P. 9th Cir. May 14, 2013)]:
>> Under the principle known as the "American Rule," prevailing parties in federal court are not ordinarily entitled to attorney's fees unless authorized by contract or by statute. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975). The Bankruptcy Code does not provide a general right to recover attorney's fees. Heritage Ford v. Baroff (In re Baroff), 105 F.3d 439, 441 (9th Cir. 1997).
>> The Supreme Court has addressed the precise issue of whether a prevailing creditor can recover attorney's fees in a Section 523(a)(2) action. In Cohen v. de la Cruz, 523 U.S. 213, 118 S. Ct. 1212, 140 L. Ed. 2d 341 (1998), the Court held that a debt incurred by fraud can include costs and attorney's fees. "Once it has been established that specific money or property has been obtained by fraud, . . . 'any debt' arising therefrom is excepted from discharge." Id. at 218.
>> A prevailing creditor's right to attorney's fees is not absolute, however. We have interpreted Cohen such that "the determinative question for awarding attorney's fees is whether the creditor would be able to recover the fee outside of bankruptcy under state or federal law." AT & T Universal Card Servs., Corp. v. Hung Tan Pham (In re Hung Tan Pham), 250 B.R. 93, 99 (B.A.P. 9th Cir. 2000). Put more precisely, the question is "whether [the] creditor would be entitled to fees in state court for 'establishing those elements of the claim which the bankruptcy court finds support a conclusion of nondischargeability.'" In re Dinan, 448 B.R. at 785 (quoting Kilborn v. Haun (In re Haun)), 396 B.R. 522, 528 (Bankr. D. Idaho 2008)). Because the basis for attorney's fees can be statutory or contractual, id. at 786, and there is no express statutory basis for attorney's fees, our analysis centers on the attorney's fee provision in the Settlement Agreement as construed under non-bankruptcy law (as there is no such provision in either of the promissory notes). If the scope of the attorney's fee provision is broad enough to encompass a state court action that has

the same elements as a Section 523(a)(2)(A) claim — common law fraud — then Salcido is entitled to attorney's fees. [citation omitted]

The leases in this case contain identical attorney's fee provisions providing that if Barlaam is in default under the lease, the Plaintiff is entitled, among other things, to require Barlaam to pay "all fees and costs of collection, including reasonable attorneys' fees, court costs, interest, and other related expenses for all losses you incur in connection with my default of this Lease."

In determining whether this provision covers attorney's fees in an action for fraud, the Court applies California law, because ¶40 of each lease makes the lease subject to the laws of the state where the lease was signed. Again, Sharma is instructive:

> California statute expressly allows parties to contract as they see fit concerning the payment of attorney's fees. "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys is left to the agreement, express or implied, of the parties[.]" Cal. Code Civ. Prov. § 1021 (West 2012). The type of claim — tort, contract, or otherwise — is irrelevant under the statute. Miske v. Bisno, 139 Cal. Rptr. 3d 626, 634, 204 Cal. App. 4th 1249, 1259 (2012); see Redwood Theaters, Inc. v. Davison (In re Davison), 289 B.R. 716, 724 (B.A.P. 9th Cir. 2003). The sole issue is whether the contractual provision itself covers tort claims for fraud. See Miske, 139 Cal. Rptr. 3d at 634. The California courts have repeatedly interpreted clauses that authorize attorney's fees to "enforce" or "interpret" a contract to not include tort claims for fraud. Exxess Electronixx v. Heger Realty Corp., 75 Cal. Rptr. 2d 376, 383-84, 64 Cal. App. 4th 698, 707-08 (1998); see Xuereb v. Marcus & Millichap, Inc., 5 Cal. Rptr. 2d 154, 157, 3 Cal. App. 4th 1338, 1341-42 (1992). On the other hand, California courts have held that certain broadly-worded clauses do cover fraud claims. Santisas v. Goodin, 951 P.2d 399, 405, 17 Cal. 4th 599, 608, 71 Cal. Rptr. 2d 830 (1998) ("claims arising out of the execution of the agreement or the sale" (internal quotation marks omitted) (emphasis added)); Miske, 139 Cal. Rptr. 3d at 628-29 ("If any dispute arises between the Partners . . . prevailing party shall be entitled to . . . reasonable attorney's fees." (emphasis added)); Lerner v. Ward, 16 Cal. Rptr. 2d 486, 488, 13 Cal. App. 4th 155, 159 (1993) ("in any action or proceeding arising out of this agreement" (internal quotation marks omitted) (emphasis added)); Xuereb, 5 Cal. Rptr. 2d at 157 ("attorney fees and costs in any lawsuit or other legal proceeding to which this Agreement gives rise" (internal quotation marks omitted) (emphasis added)).
> Xuereb stated that "gives rise" even includes events that occurred prior to contract formation. 5 Cal. Rptr. 2d at 157. But even the phrase "any dispute" is not determinative, as a clause limiting fees to "any dispute under this agreement" does not cover fraud claims because "under this agreement" limits the claims to those that arise directly out of the contract and not those that rely on events that occurred before contract formation. See Thompson v. Miller, 4 Cal. Rptr. 3d 905, 911, 112 Cal. App. 4th 327, 334 (2003).

The BAP ultimately determined that an action to "enforce or interpret any part of this agreement" was not broad enough to encompass a claim for fraud in the inducement.

The attorney's fees provisions in both the Rolls Royce Lease and the BMW Lease are included under "all fees and costs of collection." Like enforcement in Sharma, collection under the contract is simply not broad enough to cover fraud in the inducement. That the attorney's fees clause ends with "and

all other related expenses for all losses you incur in connection with my default of this Lease" similarly indicates that attorney's fees are limited to enforcement actions and do not extend to fraud.

Plaintiff's request for attorney's fees is denied.

Memorandum at 23-25 (footnotes and thus many citations omitted).

<u>Motion</u>

The relevant credit applications contained the language that the "information in this application is true and correct to the best of my knowledge." The debtor-defendant Steve Barlaam ("Defendant") signed acknowledging this. Plaintiff relied on Debtor's income representations in awarding the credit requested. Paragraph 26 of the relevant vehicle leases states that "I will be in default under this Lease if ... (g) Any information in my credit application or a guarantor's credit application is false or misleading." Paragraph 26 goes on to state that if "I am in default, you may do any or all of the following ... (e) Require that I pay the sum of ... (5) all fees and costs of collections, including attorneys' fees, court costs, interest, and other related expenses for all losses you incur in connection with my default of this Lease."

Plaintiff argues that this Court failed to consider paragraph 26(g) of the leases, which makes the very conduct underlying the Judgment -- intentionally submitting false and misleading formation on the credit applications -- an event of default under the leases. Each lease provides for the recovery of "all fees and costs of collections, including attorneys' fees" as a remedy for the specified defaults. If paragraph 26 is read as a whole, it is clear that the defaults for which a remedy is provided include Defendant's fraud.

Plaintiff seeks reasonable fees be added to the amount of the prior judgment.

-4-

Opposition

Subparagraph 26(g), which includes false and misleading statements as a default, does not change the plain language in paragraph 26 that states what attorney's fees may be recovered when the Defendant is in default.

While Plaintiff might be entitled to attorney's fees incurred in connection with Defendant's default due to providing false or misleading information, that default is not equivalent to establishing all seven elements of common law fraud under California law.

Section 26 of the leases clearly limits "all losses in connection with" defaults under the leases to contract claims.

The provision in the leases awarding attorney's fees is much more limited in scope than the provisions that courts have found to be broad enough to encompass attorney's fees in a state court fraud action (and consequently for §523(a)(2) actions).

The court should not consider language from the credit applications to interpret the leases unless the leases are ambiguous, which they are not.  Even if the leases were ambiguous, that ambiguity should be resolved against the drafter -- the Plaintiff.

Reply

The language of the leases is clear on attorney's fees:  the attorney's fees clause ends with "and all other related expenses for all losses you incur in connection with my default of this Lease."  The leases include providing false or misleading information in the credit applications as an event of default.  The Court has determined that the Defendant did provide false and misleading information on both credit applications and, relying on these false statements, that Defendant's conduct satisfied all elements of a §523(a)(2)(B) fraud action.

-5-

Analysis

There is a fair amount of verbiage in the papers, but the underlying facts and law are relatively straightforward. It appears undisputed that

1. Defaults under the leases include providing false or misleading information on the credit applications.

2. This court has determined that the Defendant did provide false and misleading information on the credit applications.

3. That determination formed part but not all of the Court's determination that Defendant's conduct satisfied all elements required for non-dischargeability under §523(a)(2)(B).

4. The relevant lease provision gives the Plaintiff (if Defendant defaults) the right to recover: "(5) all fees and costs of collections, including reasonable attorneys' fees, court costs, interest, and other related expenses for all losses you incur in connection with my default of this Lease."

5. Under applicable precedent, as set forth in detail in the Memorandum, the relevant question is whether "the scope of the attorney's fee provision is broad enough to encompass a state court action that has the same elements as a Section 523(a)(2)[(B]) claim - common law fraud . . . " (quoting Sharma). Put more broadly: under California law, does the attorney's fees provision in the contract extend to tort actions between the parties?

6. California Civil Code §1021 leaves coverage of attorney's fees to the agreement of the parties. Numerous California cases under §1021 have considered whether particular attorney's fees provisions in a contract also extend to related tort actions.

Provisions covering "any dispute" (Miske v. Coxeter, 204 Cal. App. 4th 1249, 1259 (Cal. Ct. App. 1st Dist. 2012)), "any lawsuit or other legal proceeding" to which "this Agreement gives rise" (Xuereb v. Marcus & Millichap, Inc., 3 Cal. App. 4th 1338, 1342 (Cal. Ct. App. 1st Dist. 1992)), any claim or action "arising out of" or "in connection with" (*see generally* Maynard v. BTI Group, Inc., 216 Cal. App. 4th 984, 993 (Cal. Ct. App. 1st Dist. 2013)), and "any litigation … of any of the rights and remedies" (Mililani Group v. O'Reilly Auto, 2013 U.S. Dist. LEXIS 130073 at 6 (E.D. Cal. Sept. 10, 2013)) have been found to extend to fraud or other tort actions.  Clauses covering actions "to enforce" a contract (Exxess Electronixx v. Heger Realty Corp., 64 Cal. App. 4th 698 (Cal. Ct. App. 2d Dist. 1998)), "disputes . . . under the contract" (Thompson v. Miller, 112 Cal. App. 4th 327 (Cal. App. 3d Dist. 2003)) and "to enforce or interpret any part of this agreement" (Sharma, 2013 Bankr. LEXIS 2286 at 51) have not.

Conclusion

The Court is not persuaded that paragraph 26 taken as a whole provides for attorney's fees in a state court action for fraud in the inducement, or for any action in tort. It does not have the broad sweep of the attorney's fees provisions that have been held to cover fees in tort actions.  Instead, the provision seems limited to actions in contract.  Attorney's fees are included within the general category of costs of "collections", which, under reasonable interpretation, refers to collections of amounts due under the contract.  In other words, "collections" describes a contract cause of action, not an action for fraud.  Even if I were to ignore that limitation, the phrase "incurred in connection with my default" also refers to a contract cause of action (i.e. defaults under the contract).  It does not extend to an action on fraud merely because

one of the Defendant's defaults included some of the elements of an action for fraud.

Ruling

    For the reasons stated above, the Motion is denied.

###

Date: October 1, 2013

Geraldine Mund
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **MEMORANDUM OF OPINION DENYING PLAINITFF'S MOTION TO AMEND THE JULY 31, 2013 JUDGMENT FOR PLAINTIFF TO INCLUDE ATTORNEYS' FEES [Docket #135]** was entered on the date indicated as AEntered@ on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of September 26. 2013, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Christopher P Ayayo    chris@ayayolaw.com, debbie@ayayolaw.com;alo.bankruptcy@gmail.com;kevin@ayayolaw.com
- Rebecca A Caley    rcaley@caleylaw.com, kana@caleylaw.com;carolyn@caleylaw.com
- David Keith Gottlieb (TR)    dkgtrustee@crowehorwath.com, dgottlieb@ecf.epiqsystems.com,renee.johnson@crowehorwath.com
- Tina M Starr    tstarr@caleylaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9021-1.1.NOTICE.ENTERED.ORDER**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9021-1.1.NOTICE.ENTERED.ORDER**